**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TARA NGUYEN,<br>*on behalf of herself and all other similarly situated,*<br><br>          Plaintiff,<br><br>     v.<br><br>BOQUERIA UES LLC AND BOQUERIA OPERATIONS LLC,<br><br>          Defendants. | Case No. 1:20-cv-08324 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOVING DEFENDANTS' MOTION TO DISMISS**

**GORDON & REES, LLP**
ATTORNEYS FOR MOVING DEFENDANTS
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269-5500
FAX:    (212) 269-5505

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

PROCEDURAL HISTORY......................................................................................................... 1

PLAINTIFF'S ALLEGATIONS ................................................................................................. 1

ARGUMENT ................................................................................................................................ 2

      A.      Plaintiff Fails to State A Claim Under The Telephone Consumer Protection Act ................................................................................................. 2

            1.      The Text Message Allegedly Sent By Defendants To Plaintiff Does Not Constitute Advertising Or Telemarketing ................................. 4

            2.      Plaintiff Fails To Plead A Lack of Express Consent To Receive Calls From Defendants ................................................................................. 5

      B.      Plaintiff Lacks Standing Because She Did Not Suffer An Injury........................... 6

CONCLUSION............................................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**

*Achtman v. Kirby, McInerney & Squire, LLP*,
  464 F.3d 328 (2d Cir. 2006) ................................................................................................ 2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 2

*Duran v. La Boom Disco, Inc.*,
  369 F. Supp. 3d 476 (E.D.N.Y. 2019) .............................................................................. 4, 5

*Leyse v. Lifetime Entertainment Servs., LLC*,
  679 Fed. Appx. 44 (2nd Cir. 2017) ...................................................................................... 6

*Melito v. Experian Mktg. Solutions, Inc.*,
  923 F.3d 85 (2d Cir. 2019) ................................................................................................... 7

*Rotberg v. Jos. A Bank Clothiers, Inc.*,
  345 F. Supp. 3d 466 (S.D.N.Y. 2018) ................................................................. 3, 4, 5, 6, 7

*Salcedo v. Hanna*,
  936 F.3d 1162 (11th Cir. 2019) ........................................................................................... 7

*Van Patten v. Vertical Fitness Grp., LLC*,
  847 F.3d 1037 (9th Cir. 2017) ............................................................................................. 6

**Statutes**

47 U.S.C. § 227(b)(1)(A)(iii) ..................................................................................................... 3

47 U.S.C. § 227(b)(1)(C)(ii)(II) .................................................................................................. 3

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, §§ 5, 12, 105 Stat.
  2394 (1991) .......................................................................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(1) .............................................................................................................. 8

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 1, 2

**Treatises**

47 C.F.R. § 64.1200(a)(2) ........................................................................................................... 3

47 C.F.R. § 64.1200(f)(1) ........................................................................................................... 4

47 C.F.R. § 64.1200(f)(12) ......................................................................................................... 4

**Regulations**

*In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
   23 FCC Rcd. 559 (2008) ........................................................................................................ 5

*In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
   7 FCC Rcd. 8752 (1992) ........................................................................................................ 5

## PRELIMINARY STATEMENT

Defendants Boqueria UES LLC and Boqueria Operations LLC (collectively "Moving Defendants"), submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint in its entirety, with prejudice. Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA") because she received one non-marketing text message from Defendants. However, Plaintiff does not adequately plead that Defendants lacked the requisite express consent from Plaintiff to send her that one non-marketing text message. Because the TCPA permits non-marketing text messages following the consumer providing express consent, Plaintiff fails to state a claim. Therefore, Plaintiff's complaint should be dismissed with prejudice.

## PROCEDURAL HISTORY

On October 6, 2020, Plaintiff filed the Complaint in this matter, alleging a violation of the Telephone Consumer Protection Act ("TCPA") See Compl., ¶¶ 34-40. On December 9, 2020, the Court granted Plaintiff's request for an extension of Defendants' time file a responsive pleading or provide the Court with a status report until January 31, 2021. [Doc. 14].

## PLAINTIFF'S ALLEGATIONS[1]

At an unspecified date prior to July 22, 2020, Plaintiff dined at Defendants' restaurant located on the Upper East Side. See Compl., ¶¶ 13-14. Plaintiff did not provide Defendants with her contact information at any point during her "dining experience." See Id., ¶ 13. Later, on July 22, 2020, Plaintiff received one text message purportedly from Defendants seeking Plaintiff's

---

[1] For the purposes of this motion only, Moving Defendants treat the allegations set forth in the Complaint as true. Moving Defendants reserve the right to dispute the accuracy and the veracity of these allegations should it be necessary during the course of the litigation

1

express written consent to receive future advertising or telemarketing calls. The text message stated:

> Hi! It's Erin from Boqueria. We're inviting our favorite guests to receive restaurant updates and exclusive offers. If you're in, text back, CHURROS. If you ever need a break from delicious tapas, just tell us to PAUSE at any time.

[See Id.]

The text Defendants allegedly sent to Plaintiff suggests that it was generated by an "autodialer" and, based solely on this one text, Plaintiff asserts that Defendants sent similar unsolicited marketing texts using an automated telephone dialing system to other individuals who never consented to receiving them. See Id., ¶¶ 15, 17.

## ARGUMENT

### A. Plaintiff Fails to State A Claim Under The Telephone Consumer Protection Act

On a Rule 12(b)(6) motion, courts must accept as true the factual allegations in the complaint and draw all inferences in a plaintiff's favor. Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (internal citation omitted). In order to withstand such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In this context, "'[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." Id. (internal citations omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Once the complaint has been stripped of its conclusory assertions, the court must determine if the remaining allegations "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

2

To establish a claim under the TCPA, the Plaintiff must demonstrate that (1) the defendant called[2] her on her cell phone, (2) using an automated telephone dialing system, (3) without her prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). If the call is made with the plaintiff's "prior express consent," the sender is "not subject to TCPA liability." Rotberg v. Jos. A Bank Clothiers, Inc. 345 F. Supp. 3d 466, 477 (S.D.N.Y. 2018). Additionally, the TCPA prohibits calls to the plaintiff's cell phone using an automated telephone dialing system to provide "unsolicited advertisements," unless the sender received the plaintiff's prior express *written* consent. See 47 U.S.C. § 227(b)(1)(C)(ii)(II); 47 C.F.R. § 64.1200(a)(2). Therefore, the TCPA contemplates two types of calls, ones that amount to "advertising" and those that do not. Further, to avoid TCPA liability, those calls must be made with either prior express *written* consent or prior express consent, respectively.

To be clear, non-advertising calls require only "express consent" from the plaintiff. 47 U.S.C. § 227(b)(1)(A)(iii). See also Rotberg, 345 F. Supp. 3d at 474 (holding that for calls which do *not* contain advertisements, only the lower threshold of "prior express consent of the called party" must be satisfied). Meanwhile, advertising calls require "express *written* consent" from the plaintiff. 47 C.F.R. § 64.1200(a)(2).

As described more fully below, Plaintiff alleges that she received one text message from Defendants which does not amount to an advertisement. Further, Plaintiff fails to adequately plead that she did not provide express consent to Defendants, a necessary element for Defendants to be subject to liability under the TCPA. Therefore, Plaintiff fails to state a claim under the TCPA.

---

[2] "Calls to cellphones 'encompasses both voice calls and text calls.'" Rotberg v. Jos. A Bank Clothiers, Inc. 345 F. Supp. 3d 466, 474 (S.D.N.Y. 2018) (citation omitted).

1. <u>The Text Message Allegedly Sent By Defendants To Plaintiff Does Not Constitute Advertising Or Telemarketing.</u>

A call contains an "advertisement" if it includes "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Similarly, "telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." <u>Id.</u>, § 64.1200(f)(12) .. In <u>Rotberg</u>, the plaintiff received a text message "setting forth the terms and conditions by which he could consent to receive marketing materials in subsequent messages, after he had given his prior express consent to be contacted by [the defendant]." <u>Rotberg</u>, 345 F. Supp. 3d at 479. The Court in <u>Rotberg</u> concluded that the message did not amount to advertising or telemarketing because "a caller seeking out a consumer's express written consent to send *subsequent* telemarketing or advertising texts is not as a matter of law already engaged in telemarketing." <u>Id.</u> (emphasis in original). Similarly, the Eastern District of New York has held that an "initial text to plaintiff granting him free admission to a particular event" was "not an advertising or telemarketing text." <u>Duran v. La Boom Disco, Inc.</u>, 369 F. Supp. 3d 476, 482 (E.D.N.Y. 2019), <u>vacated and remanded on other grounds</u>, 955 F.3d 279 (2d Cir. 2020). The only texts that constituted advertising or telemarketing in <u>Duran</u> were "subsequent texts-which advertised events at defendant's nightclub and encouraged plaintiff to purchase tickets." <u>Id.</u>

Here, the text message that Plaintiff allegedly received from Defendants is substantively equivalent to the text received by the plaintiff in <u>Rotberg</u>. As in <u>Rotberg</u>, the text message that Plaintiff allegedly received only provides her with an opportunity to opt-in to "receive restaurant updates and exclusive offers" in the future. <u>See</u> Compl., ¶ 13. Moreover, just like the initial text in <u>Duran</u>, the text in this case did not advertise events or encourage Plaintiff to make any purchases. Therefore, the text allegedly received by Plaintiff does not amount to advertising or telemarketing.

4

Moreover, Plaintiff's Complaint implicitly concedes that the purported text from Defendants does not amount to advertising or telemarketing. The Complaint states that "[a]mong the questions of law and fact . . . are . . . whether text recipients provided their *prior express consent*." See Compl., ¶ 26 (emphasis added). Indeed, the Court must determine whether there was "prior express consent" only when the purported text messages do not amount to advertising or telemarketing. See Rotberg, 345 F. Supp. 3d at 474 (holding that for calls which do *not* contain advertisements, only the lower threshold of "prior express consent of the called party" must be satisfied).

As in Rotberg, Duran, and by Plaintiff's own admission in the Complaint, the text message allegedly received by Plaintiff does not qualify as advertising or telemarketing. Therefore, the remaining inquiry is whether Plaintiff sufficiently pled a lack of express consent to receive calls from Defendants.

> 2. Plaintiff Fails To Plead A Lack of Express Consent To Receive Calls From Defendants.

For calls not falling within the definition of "advertising" or "telemarketing," the lower threshold of prior express consent is satisfied when consumers "knowingly release their phone numbers" which "in effect give[s] their invitation or permission to be called at the number which they have given." Rotberg, 345 F. Supp. 3d at 477 (quoting In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8769 ¶ 31 (1992)). Accord In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 564 ¶ 9 (2008) (same). Here, Plaintiff does not adequately plead that Defendants did not receive her express consent to send the text message. Plaintiff fails to plead that she did not provide Defendants with her contact information while making her reservation, or at any other time whatsoever. Instead, Plaintiff only pleads that she did not provide

5

Defendants with her contact information "at any point during her dining experience." See Compl., ¶ 13.

Because Plaintiff fails to plead that Defendants did not receive her express consent to send non-marketing or non-advertising text messages, her Complaint should be dismissed for failure to state a claim.

### B. Plaintiff Lacks Standing Because She Did Not Suffer An Injury

Standing to pursue a claim under the TCPA requires the existence of (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Rotberg v. Jos. A Bank Clothiers, Inc. 345 F. Supp. 3d 466, 473 (S.D.N.Y. 2018) (citation omitted). An injury in fact must be "concrete and particular, rather than conjectural or hypothetical." Id. Where the alleged unsolicited text message include advertising or telemarking, courts have held that an injury in fact has been pled. See Leyse v. Lifetime Entertainment Servs., LLC, 679 Fed. Appx. 44, 46, n.3 (2nd Cir. 2017) (holding that the "alleged violation" by the plaintiff, specifically an "unsolicited advertisement," was "more than a bare violation and satisfies the concrete-injury requirement for standing."); Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1043 (9th Cir. 2017) (holding there was a concrete injury resulting from "[u]nsolicited telemarketing phone calls or texts" sufficient to confer standing).

In Rotberg, the Court struck down a challenge to the plaintiff's standing where the plaintiff alleged the text messages fell into "that category of unwanted phone messages singled out by Congress," specifically "'phone calls from people selling things' and 'phone calls from a computer trying to sell something.'" 345 F. Supp. at 474. Indeed, by passing the TCPA, "Congress found that '[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy' and that '[b]anning such automated or prerecorded telephone calls . . . except when the receiving party consents to

6

receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Melito v. Experian Mktg. Solutions, Inc., 923 F.3d 85, 88 (2d Cir. 2019) (quoting the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, §§ 5, 12, 105 Stat. 2394 (1991)).

Although the Second Circuit has previously held that receiving numerous text messages amounting to "unsolicited telemarketing" may result in an injury sufficient to convey standing under the TCPA, Melito, 923 F.3d at 94, there is no legal authority within the Second Circuit finding that receipt of one text message, which does not amount to unsolicited advertising or telemarketing, will yield the requisite injury to confer standing under the TCPA.  However, the Eleventh Circuit recently addressed the issue, holding that "[s]imply sending one text message to a private cell phone is not closely related to the severe kinds of actively intermeddling intrusions that the traditional tort contemplates." Salcedo v. Hanna, 936 F.3d 1162, 1171 (11th Cir. 2019).

Here, Plaintiff has not pled an injury in fact that Congress sought to prohibit under the TCPA – specifically, unsolicited advertising or telemarketing calls.  Instead, she claims the receipt of only one text message offering her the opportunity to opt-in to subsequent telemarketing or advertising text messages.  The Southern District of New York has already concluded that such a text message does not amount to telemarketing or advertising.  See Rotberg, 345 F. Supp. 3d at 479 (holding that "a caller seeking out a consumer's express written consent to send *subsequent* telemarketing or advertising texts is not as a matter of law already engaged in telemarketing.") (emphasis in original).  Moreover, Plaintiff does not adequately plead that Defendants did not receive her express consent to send the text message.  Plaintiff does not claim that she never provided Defendants with her contact information, such as while making her reservation, or at any

7

other time. Instead, Plaintiff only pleads that she did not provide Defendants with her contact information "at any point during her dining experience." See Compl., ¶ 13.

Because Plaintiff does not plead that she received unsolicited telemarketing or advertising text messages, she does not plead an injury in fact under the TCPA, and her Complaint should be dismissed for lack of standing pursuant to Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that this Court grant their motion in its entirety and dismiss Plaintiff's Complaint with prejudice.

Dated:   New York, New York
         January 29, 2021

                                        Respectfully submitted,
                                        GORDON, REES, SCULLY &
                                        MANSUKHANI, LLP


                                        By:   /s/ *Claudia A. Costa*
                                              Claudia A. Costa, Esq.
                                              James W. Sukharev, Esq.
                                              *Attorneys for Defendants*
                                              1 Battery Park Plaza, 28th Floor
                                              New York, New York 10004
                                              Tel: (212) 269-5500
                                              Fax: (212) 269-5505
                                              CCosta@grsm.com
                                              JSukharev@grsm.com